UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re: :
MARIE L. CHAVANNES, : Case No. 13-18075REF
f/k/a MARIE COMOND, : Chapter 13
         Debtor :

# **O R D E R**

AND NOW, this 6 day of January, 2014, upon my consideration of the Motion filed by First American Title Insurance Company ("Movant") to Determine That Collateral Estoppel Precludes Debtor From Re-litigating Issues Addressed in New York Action, which I shall treat as a Motion in Limine, the Answer thereto filed by Debtor and the Response to Debtor's Answer filed by Movant, and after argument held on January 3, 2014 on the Motion,

IT IS HEREBY ORDERED that Movant's Motion in Limine is GRANTED and Debtor is precluded, based on the doctrine of collateral estoppel, from presenting any evidence to relitigate the issues decided by the New York court, which were: (1) that Debtor and her son Marvin Comond "caused" and "induced" the forgery of Robert Comand on a "Durable General Power of Attorney" dated May 11, 2005; and (2) that the transfer of the real estate located at 620 Grand Avenue, Brooklyn, New York took place as a result of a forged deed to

facilitate the sale; and (3) that Robert Comand did not participate, authorize or confirm such transaction.  See Order and Money Judgment entered on May 16, 2013 by the Supreme Court of the State of New York, County of Kings in First Amer. Title Ins. Co. v. Chavannes, Index No. 06-25961, which quotes the April 4, 2013 decision of Judge Graham granting Movant's motion for summary judgment (the New York court's May 16, 2013 Order and Money Judgment is attached to Movant's Motion to Dismiss Case with Prejudice or in the Alternative, to Convert Case to Chapter 7 as Exhibit 18).  Franklin Dev. Co. v. Atlantic Mutual Ins. Co., 876 N.Y.S.2d 103, 60 A.D.3d 897, 899 (N.Y. App. Div. 2d Dept. 2009)("The rule in New York is that the 'pendency of an appeal does not prevent the use of the challenged judgment as the basis of' collateral estoppel." quoting Anonymous v. Dobbs Ferry Union Free School Dist., 19 A.D.3d 522, 522–523, 797 N.Y.S.2d 120 (N.Y. App Div. 2d Dept. 2005) quoting Matter of Amica Mut. Ins. Co., 85 A.D.2d 727, 728, 445 N.Y.S.2d 820 N.Y. App. Div. 2d Dept. 1981)).

BY THE COURT

_____
RICHARD E. FEHLING
United States Bankruptcy Judge